UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22665-CIV-GRAHAM/O'SULLIVAN

DISABILITY ADVOCATES AND
COUNSELING GROUP, INC., and
STEPHEN BROTHER,
    Plaintiffs,
v.

ESCAPIRO DEVELOPMENT, LLC,
    Defendant.
_____/

## ORDER

THIS MATTER came before the Court on an informal discovery conference on May 25, 2007. Following oral argument by the parties, the Court issued the following orders from the bench:

- The defendant's objections to plaintiffs Stephen Brother and Disability Advocates and Counseling Group Inc.'s Interrogatories are STRICKEN. The defendant is not required to provide additional responses to Interrogatories No. 9 -13 propounded by Disability Advocates and Counseling Group Inc. With respect to the remaining Interrogatories propounded by both plaintiffs, the defendant shall provide full responses by **Thursday, May 31, 2007**.

- With respect to the plaintiffs' Requests for Production, the defendant shall have all responsive documents available to the plaintiffs for inspection at the property location by **Tuesday, May 29, 2007**. It is further

    **ORDERED AND ADJUDGED** that the plaintiffs' request for sanctions is **GRANTED**. "Rule 37(b)(2) provides a range of sanctions that a district court may

impose upon parties and their attorneys for failure to comply with the court's discovery orders." Stuart I. Levin & Associates v. Ronald Rogers, 156 F.3d 1135, 1140 (11th Cir. 1998). Federal Rule of Civil Procedure 37(b)(2) provides in part that: "the Court should require the party failing to obey the Order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

The defendant has failed to show substantial justification for failing to timely respond to the outstanding discovery requests and this Court's Order. This Court finds, the defendant had notice of this Court's Order dated April 25, 2007, (DE # 12) granting in part Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories, and for Attorneys' Fees and Costs (DE # 8, 4/13/07) and requiring the defendant to respond to the outstanding discovery by May 9, 2007. The defendant failed to comply with the Court's Order (DE# 12) and did not provide the plaintiffs with responses to outstanding discovery until the day before the instant informal discovery conference. The Court further finds that the defendant's answers to many of the plaintiffs' interrogatories are nonresponsive.

The plaintiffs have submitted billing records to the Court. After disallowing some time entries, the Court finds that 4.8 hours is a reasonable amount expended due to the defendant's failure to adequately respond to discovery and comply with the Court's Order. Based on the Court's familiarity with litigation and attorney's fees in general, the Court finds that the hourly rate of $300.00 for the plaintiffs' counsel is reasonable and appropriate. The Court recognizes that the plaintiffs' counsel is a skilled attorney, but

finds the requested hourly rate of $385.00 per hour to be excessive. Accordingly, it is

**ORDERED AND ADJUDGED** that the plaintiffs are entitled to $1,440.00 in attorney's fees to be paid by the defendant and/or defendant's counsel by **Monday, June 25, 2007**.

DONE and ORDERED, in Chambers, in Miami, Florida, this **25th** day of May, 2007.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States District Judge Graham
All counsel of record
Patrick John Goggins, Esq. (via fax 305-530-8557)